IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 07-cr-00320-EWN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    BRYANT VALENTI,

    Defendant.

---

## ORDER

---

THE COURT has received the Government's Unopposed Motion for a Protective Order concerning the use, custody, and circulation of Jencks Act material and *Giglio* material disclosed in relation to the above captioned case. *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32; 122 S.Ct. 2450, 2456-57 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial); Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2.   The Government informs the Court that counsel for the defendant does not oppose the motion.

For good cause, the Court may enter a protective order regulating discovery in a criminal case  pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, at Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion.  The Government has expressed concerns that the Jencks Act protected documents and *Giglio* material shall not be left in the exclusive custody of the defendant because the materials could be widely disseminated as a result of the unauthorized duplication or circulation of certain written

documents. In the context of pretrial discovery, the Court finds and concludes that the concerns expressed have some merit. Accordingly, the Government's Motion will be granted at this time.

Being now sufficiently advised in the premises, the Court finds and concludes it is in the interests of justice to grant the Government's Motion for Protective Order.

It is ordered that the Jencks Act material and *Giglio* material furnished to the defense in this case pursuant to this Order shall remain in the custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees of such defense attorneys. The material so disclosed shall not be published without further order of Court until time of trial. The defendants and other persons assisting the attorneys for the defendants, to include translators, may review the material, but they must do so without violating the rule that the material is to remain, at all times, under the custody and control of the attorneys, either personally or through the custody and control of confidential employees of the attorneys.

In the event the defense and the Government agree that certain documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement. In the event that the defense and the Government are unclear about the meaning or application of

this Order with respect to some document, the parties may bring the issue to the attention of the Court. At the conclusion of the case, the described material shall be returned to the Government.

It is so ordered. Dated this 17th day of October, 2007.

BY THE COURT:

s/ Edward W. Nottingham
HON. EDWARD W. NOTTINGHAM,
CHIEF JUDGE,
U.S. DISTRICT COURT
DISTRICT OF COLORADO